**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DONALD CLOW,**

                **Plaintiff,**              **1:13-cv-998
(GLS)**

     v.

**COMMISSIONER OF SOCIAL
SECURITY,**

                **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>Law Offices of Steven R. Dolson<br>126 North Salina Street, Suite 3B<br>Syracuse, NY 13202 | MAGGIE W. MCOMBER, ESQ. |
| **FOR THE DEFENDANT:**<br>HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>100 South Clinton Street<br>Syracuse, NY 13261<br><br>Steven P. Conte<br>Regional Chief Counsel<br>Social Security Administration<br>Office of General Counsel, Region II<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | BENIL ABRAHAM<br>REBECCA H. ESTELLE<br>Special Assistant U.S. Attorneys |

**Gary L. Sharpe
Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Donald Clow challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), seeking judicial review under 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Clow's arguments, the court affirms the Commissioner's decision and dismisses the complaint.

## II. Background

On June 28, 2010 and July 8, 2010, Clow filed applications for DIB and SSI, respectively, under the Social Security Act ("the Act"), alleging disability since October 1, 2007. (Tr.[1] at 59-60, 127-134.)[2] After his applications were denied, (*id.* at 67-74), Clow requested a hearing before an Administrative Law Judge (ALJ), which was held on June 5, 2012, (*id.* at 76-83, 42-58). On June 22, 2012, the ALJ issued an unfavorable decision denying the requested benefits which became the Commissioner's final determination upon the Social Security Administration Appeals Council's

---

[1] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 8.)

[2] Thereafter, Clow amended his alleged onset date to February 23, 2010. (Tr. at 57.)

denial of review. (*Id.* at 1-4, 7-22.)

Clow commenced the present action by filing his complaint on August 16, 2013 wherein he sought review of the Commissioner's determination. (Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (Dkt. Nos. 7, 8.) Each party, seeking judgment on the pleadings, filed a brief. (Dkt. Nos. 10, 13.)

### III. Contentions

Clow contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence. (Dkt. No. 10 at 3-7.) Specifically, Clow claims that the ALJ erred in (1) rendering his residual functional capacity (RFC) determination; and (2) determining that he was capable of performing his past relevant work. (*Id.*) The Commissioner counters that the appropriate legal standards were used by the ALJ and his decision is also supported by substantial evidence. (Dkt. No. 13 at 4-9.)

### IV. Facts

The court incorporates the factual recitations of the parties and the ALJ. (Dkt. No. 10 at 1-2; Dkt. No. 13 at 1; Tr. at 12-18.)

### V. Standard of Review

The standard for reviewing the Commissioner's final decision under

3

42 U.S.C. § 405(g)[3] is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

### A. RFC Determination

First, Clow argues that the ALJ erred in failing to incorporate all of his nonexertional limitations into the RFC determination. (Dkt. No. 10 at 7.) According to Clow, the evidence of record evinces bending and squatting limitations that would prevent him from performing the full range of light work. (*Id.*) The Commissioner counters, and the court agrees, that the ALJ's RFC determination is legally sound and amply supported by the evidence of record. (Dkt. No. 13 at 4-7.)

A claimant's RFC "is the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). In assessing a claimant's RFC,

---

[3] 42 U.S.C. § 1383(c)(3) renders section 405(g) applicable to judicial review of SSI claims. As review under both sections is identical, parallel citations to the regulations governing SSI are omitted.

an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain. *Id.* § 404.1545(a)(3). An ALJ's RFC determination must be supported by substantial evidence[4] in the record. *See* 42 U.S.C. § 405(g). If it is, that determination is conclusive and must be affirmed upon judicial review. *See id.*; *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

In this case, the ALJ determined that Clow's degenerative disc disease left him with the RFC to perform the full range of light work as defined in the regulations.[5] (Tr. at 13.) In making this determination, the ALJ relied on the opinion of consulting examiner Kautilya Puri, who opined that Clow suffered no exertional limitations as a result of his impairments, the lack of objective findings, and Clow's lack of follow through on treatment. (*Id.* at 13-17.) The ALJ concluded that Clow was not fully credible because his use of medications and course of treatment were inconsistent with his allegations of disabling pain. (*Id.* at 14-15.) The ALJ

---

[4] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citations omitted).

[5] Under the regulations, light work requires lifting no more than twenty pounds at a time with frequent lifting or carrying of up to ten pounds. *See* 20 C.F.R. § 404.1567(b). Further, "the full range of light work requires standing or walking, off and on, for a total of approximately [six] hours of an [eight]-hour workday." SSR 83-10, 1983 WL 31251, at *6 (1983).

noted the considerable gaps in Clow's treatment and the fact that additional testing, more aggressive treatment, or treatment with a specialist were not recommended. (*Id.* at 15.) Clow does not argue that the ALJ erred in his assessment of the evidence of record, but, rather, contends that, because Dr. Puri's examination revealed that Clow's squat was mildly decreased and the range of motion of his lumbar spine was decreased, and because he testified that he had difficulty bending, the ALJ was required to include limitations for bending and squatting in his RFC determination. (Dkt. No. 10 at 7.) For the following reasons, Clow's argument is meritless.

First, "whether there is substantial evidence supporting the appellant's view is not the question," instead, the court must "decide whether substantial evidence supports the ALJ's decision." *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013). Here, for all of the reasons stated by the ALJ, the record indicates that Clow can perform the demands of light work. (Tr. at 13-18.) Notably, the ALJ's decision makes clear that he considered Clow's testimony that bending was difficult for him, as well as the results of Dr. Puri's examination. (*Id.* at 14-16.) As the ALJ's decision was more restrictive than the opinion of Dr. Puri, the only medical source to offer an opinion as to Clow's functional limitations, it

6

cannot be said that the ALJ was obligated to include additional limitations based on the results of Dr. Puri's examination. *Cf. Yablonski v. Comm'r of Soc. Sec.*, No. 6:03-CV-414, 2008 WL 2157129, at *6 (N.D.N.Y. Jan. 31, 2008) ("When an ALJ's decision adopts the physical limitations suggested by reviewing doctors after examining the [claimant], the claimant's obesity is understood to have been factored into their decisions." (internal quotation marks and citations omitted)). Other than a mildly reduced squat, and reduced range of motion of Clow's lumbar spine, Dr. Puri's examination results were largely benign. (Tr. at 277-80.) Clow's gait and stance were normal, he was able to rise from a chair and get on and off the examination table without difficulty, he needed no assistive device, straight leg raising was negative, he had full range of motion of his cervical spine, hips, knees, and ankles, and he had 5/5 strength in all of his extremities with no sensory deficits or evidence of muscle atrophy. (*Id.* at 278-79.) Moreover, it is not clear to the court that the additional limitations Clow proposes would have any effect on the occupational base of light work. *See* SSR 85-15, 1985 WL 56857 at *7 (1985) (explaining that light work only requires the ability to stoop, defined as bending the body downward and forward by bending the spine at the waist, occasionally, that is, from

very little to up to one-third of the time).

**B.  <u>Past Relevant Work</u>**

Clow also contends that the ALJ erred in finding that he could perform past relevant work. (Dkt. No. 10 at 3-7.) Specifically, Clow argues that the ALJ failed to make a "specific and substantial" inquiry into the demands of his past relevant work as well as make the required findings of fact with respect to such work. (*Id.*) The Commissioner, on the other hand, posits that the ALJ properly relied on Clow's responses on a Social Security Administration form to assess whether Clow could perform his past relevant work, and further, the Dictionary of Occupational Titles (DOT) description of Clow's past relevant work supports the ALJ's determination. (Dkt. No. 13 at 7-9.) Again, the court agrees with the Commissioner.

"[I]n the fourth stage of the [disability] inquiry, the claimant has the burden to show an inability to return to h[is] previous specific job and an inability to perform h[is] past relevant work generally." *Jasinski v. Barnhart*, 341 F.3d 182, 185 (2d Cir. 2003). In other words, a claimant is not disabled if he can perform his past relevant work, either as he actually performed it, or as it is generally performed in the national economy. *See* SSR 82-61, 1982 WL 31387, at *2 (1982); *Jock v. Harris*, 651 F.2d 133,

8

135 (2d Cir. 1981).  "'[I]n order to determine at step four whether a claimant is able to perform h[is] past work, the ALJ must make a specific and substantial inquiry into the relevant physical and mental demands associated with the claimant's past work, and compare these demands to the claimant's residual capabilities.'"  *Kochanek v. Astrue*, No. 08-CV-310, 2010 WL 1705290, at *11 (N.D.N.Y. Apr. 13, 2010) (quoting *Kerulo v. Apfel*, No. 98 CIV. 7315, 1999 WL 813350, at *8 (S.D.N.Y. Oct. 7, 1999)).

Here, the ALJ determined that Clow could perform his past relevant work as a janitor as it is actually and generally performed.  (Tr. at 17.)  Relying on responses provided by Clow on a Work History Report,[6] the ALJ determined that this work required Clow to stand or walk for the majority of the day, lift no more than ten pounds, and kneel for two hours in an eight-hour work day.  (*Id.* at 17, 170.)  The ALJ concluded that "[t]he exertional level of work described by [Clow] is generally classified as light work activity."  (*Id.* at 17.)  The ALJ did not, however, provide a DOT listing to support his conclusion that Clow can perform this work as it is generally performed.  (*Id.*)

---

[6] Clow completed a form report provided by the Social Security Administration.  (Tr. at 159, 170-77.)

9

Clow contends that the answers he provided on the Work History Report were too vague to provide clear details of his past relevant work. (Dkt. No. 10 at 5-6.) According to Clow, the DOT describes the position of janitor as medium work, requiring the ability to lift up to fifty pounds occasionally and twenty-five pounds frequently. (*Id.* at 4); Dictionary of Occupational Titles, Code 382.664-010, 1991 WL 673265 (4th ed., 1991). Relying on Social Security Ruling 82-61, which explains that significant variations between a claimant's description of an occupation and the description in the DOT may be due to a claimant's incomplete or inaccurate description of past work, Clow contends that the ALJ should have sought further information about his past work from Clow or his former employer, or consulted with a vocational expert. (Dkt. No. 10 at 6); *see* SSR 82-61, 1982 WL 31387, at *2 (1982).

First, as the Commissioner points out, nothing about Clow's Work History Report is particularly vague. (Dkt. No. 13 at 8.) Clow indicated that he last worked as a "cleaner," cleaning rooms and discarding trash. (Tr. at 170-71.) According to Clow, this job required him to walk and stand for most of the day, with sitting only comprising one hour of his workday. (*Id.* at 170.) The job required no climbing, stooping, crouching, or crawling.

10

(*Id.*)  Clow reported that the heaviest weight he lifted was ten pounds, and he was responsible for supervising one other employee.  (*Id.*)  Thus, the ALJ's conclusion that Clow's past relevant work required him to perform at the light exertional level is supported by substantial evidence.  *See* 20 C.F.R. § 404.1567(b); SSR 83-10, 1983 WL 31251, at *6; SSR 82-61, 1982 WL 31387, at *2 (providing that a properly completed Vocational Report my be sufficient to furnish information about past work).  In addition, the Commissioner points out that the description which Clow provides of his past work is not significantly different from that of the "cleaner, housekeeping" occupation described in the DOT.  (Dkt. No. 13 at 9); *see* Dictionary of Occupational Titles, Code 323.687-014, 1991 WL 672783 (4th ed., 1991).  This occupation, which involves cleaning rooms and halls in commercial establishments, is categorized as light work.  *See* Dictionary of Occupational Titles, Code 323.687-014, 1991 WL 672783.  Accordingly, the ALJ's determination that Clow is capable of performing his past relevant work as it is actually and generally performed is supported by substantial evidence.

C.  **Remaining Findings and Conclusions**

After careful review of the record, the court affirms the remainder of

the ALJ's decision as it is supported by substantial evidence.

## VII. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Clow's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 19, 2015
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court